THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

ILANA REINHARDT, )
 )
      Plaintiff, )
 )
vs. ) Case No. 15-CV-330-JHP
 )
CITY OF KREBS, OKLAHOMA, *et al.* )
 )
      Defendants. )

## OPINION AND ORDER

This case concerns Plaintiff's allegations of racial and religious discrimination related to her receipt of a speeding ticket. Plaintiff is *pro se*. Before this Court are five Motions to Dismiss filed by all seventeen Defendants in this case (Doc. Nos. 43, 45, 47, 49, 52). For the reasons explained below, the Motions to Dismiss are **GRANTED**.

## BACKGROUND

Plaintiff Ilana Reinhardt ("Plaintiff") filed her *pro se* Complaint on September 3, 2015, against seventeen defendants—(1) City of Krebs, Oklahoma ("City of Krebs"), (2) Allford, Ivester, Green (& Hogan), (3) John A. Allford, (4) Robert L. Ivester, (5) Elaine Green, (6) Colby Barnett, individually and in his official capacity, (7) Dennis Cook, individually and in his official capacity, (8) Karen M. Crouch, individually and in her official capacity, (9) Express Services, Inc. d/b/a Express Employment Professionals, (10) Michael W. Hogan, individually and in his official capacity, (11) Patrick T. Layden, individually and in his business and official capacities, (12) Pat Layden Law Firm, (13) Pat Layden Law Firm's Attorney Rebecca, individually and in her business and/or official capacities, (14) Becky Lopez, individually and in her official capacity, (15) Nancy Mills, individually and in her official capacity, (16) Kay Scott, individually

1

and in her business and/or official capacities, and (17) Bobby Watkins, individually and in his official capacity. (Doc. No. 2).

According to the Complaint (Doc. No. 2), on August 30, 2013, Plaintiff was pulled over for speeding by Defendant Colby Barnett, a police officer for Defendant City of Krebs. (Doc. No. 2, ¶¶ 7, 24). Barnett directed Plaintiff to appear at City of Krebs Municipal Court and released her. (Doc. No. 2, ¶ 24). In the fall of 2013, Plaintiff "requested the legal basis and recording of the alleged violation," and the City of Krebs "ceaselessly blocked, burdened, concealed, failed, made unavailable, and or refused [her] many information, instruments and or records" and "failed and or refused to service [her], among subjecting [her] to many additional afflictions." (Doc. No. 2, ¶ 24). Plaintiff alleges thirteen of the Defendants[1] committed unspecified discrimination against her based on her "ancestry, association, conscience, creed, ethnicity, gender, place of origin, race, and or religion." (Doc. No. 2, ¶¶ 23 n.10, 26). Plaintiff does not identify any other specific conduct by any particular named Defendant.

Plaintiff asserts twenty claims against the Defendants[2]: (1) violation of 42 U.S.C. § 1981; (2) violation of 42 U.S.C. 1983; (3) violation of 42 U.S.C. § 2000b *et seq.*; (4) violation of 42 U.S.C. § 2000d; (5) violation of various provisions of the Oklahoma Constitution; (6) violation of the Oklahoma Open Records Act, OKLA. STAT. tit. 51, § 24A *et seq.*; (7) violation of the Oklahoma Religious Freedom Act ("ORFA"), Okla. Stat. tit. 51, §251 *et seq.*; (8) common law abuse of process; (9) common law breach of confidence; (10) deceit and/or

---

[1] Plaintiff excludes from this allegation Defendants (1) John Allford, (2) Robert Ivester, (3) Elaine Green, and (4) Express Services, Inc.

[2] Plaintiff's Claims 1-7 and 13-14 are lodged against "defendants named in notice of claims, addendum." Plaintiff's "Notice of Claims" (Doc. No. 2-1) appears to identify most of the Defendants, in addition to several individuals identified as "Does." However, Plaintiff's reference to her "Notice of Claims" is unclear. Accordingly, in an abundance of caution, the Court will address these claims with respect to all seventeen Defendants. The remaining claims 8-12 and 15-20 contain only headers and no allegations, and are presumably lodged against all seventeen Defendants.

misrepresentation under common law and OKLA. STAT. tit. 76, §§ 2-3; (11) common law conspiracy; (12) common law false light; (13)-(14) common law intentional or negligent infliction of bodily, emotional or mental injuries, distress and/or suffering and intentional infliction of emotional distress; (15) common law negligence; (16) common law unjust enrichment; (17) common law privacy; (18) common law retaliation; (19) common law tortious interference; and (20) common law trespass. Plaintiff seeks relief in the form of general and exemplary damages, costs, and interest. (Doc. No. 2, at 11).

All Defendants have filed motions to dismiss the allegations against them. (Doc. Nos. 43, 45, 47, 49, 52). Plaintiff has responded to the Defendants' motions. (Doc. Nos. 61, 62, 63, 64). Defendants' motions are now ripe for review by this Court.

## DISCUSSION

### I. Standards of Review – Failure to State a Claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a plaintiff's complaint when it "fail[s] to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion, the court must accept all well-pleaded allegations of the complaint as true, and must construe them in the light most favorable to the plaintiff. *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citing *Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1224 (10th Cir. 1997)). To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff bears the burden to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Id.* at 556. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

3

While *pro se* pleadings must be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court should not assume the role of advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, even *pro se* plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure" and substantive law, and the liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## II. Merits – Failure to State a Claim

All Defendants move to dismiss Plaintiff's claims against them for failure to state a claim. (Doc. Nos. 43, 45, 47, 49, 52). Because the five Motions to Dismiss make similar arguments for failure to state a claim, the Court will address them together. The Motions to Dismiss are divided as follows:

(1) Defendants City of Krebs; Colby Barnett, individually and in his official capacity; and Dennis Cook, individually and in his official capacity (collectively, the "Krebs Defendants") (Doc. No. 43);

(2) Defendants Allford Ivester, Green (& Hogan); John A. Allford; Robert L. Ivester; Elaine Green; Pat Layden Law Firm; and Pat Layden's Law Firm Attorney Rebecca (collectively, the "Law Firm Defendants") (Doc. No. 45);

(3) Defendants Michael W. Hogan, individually and in his official capacity; and Patrick T. Layden, individually and in his business and official capacities (together, the "Court Defendants") (Doc. No. 47);

(4) Defendants Karen M. Crouch, individually and in her official capacity; Becky Lopez, individually and in her official capacity; Nancy Mills, individually and in her official capacity; Kay Scott, individually and in her business and/or official capacities; and Bobby Watkins, individually and in his official capacity (collectively, the "City Worker Defendants") (Doc. No. 49);

(5) Defendant Express Services, Inc. ("Express") (Doc. No. 52).

In their Briefs in Support (Doc. Nos. 44, 46, 48, 50, 52), the Krebs Defendants, Law Firm Defendants, Court Defendants, City Worker Defendants, and Express argue the Complaint does not allege a civil rights violation (Claims 1-4), an Oklahoma Constitution violation (Claim 5), an Oklahoma statutory violation (Claims 6, 7, 10), or an Oklahoma common law violation (Claims 8, 9, 11-20) against any of them. The Court agrees.

Plaintiff makes few factual allegations in her Complaint. Most specifically, she alleges that on August 30, 2013, Defendant Barnett stopped her for speeding and issued her a citation, then released her. (Doc. No. 2, ¶ 24). She further alleges in the autumn of 2013, she "requested the legal basis and recording of the alleged violation," and Defendant City of Krebs refused her access to unspecified records regarding the August 30, 2013 event. For the reasons explained below, these factual allegations fail to allege any of the stated claims with respect to any Defendant.

### 1. 42 U.S.C. § 1981 Claim (Claim 1)

With respect to the § 1981 claim, Plaintiff alleges the Defendants "intentionally interfered with and invaded the Reinhardt's right to sue, be a party, give evidence, and or make & enforce the lease contract in case CIV-11-979-W, U.S. district court for the western district of Oklahoma, and or [the City of Krebs Municipal Court]," which amounted to discriminatory treatment for her "lawful acts." (Doc. No. 2, ¶ 28).

"To establish a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or

5

more of the activities enumerated in the statute," including to make and enforce contracts, to sue, be parties, and to give evidence. *Green v. State Bar of Texas*, 27 F.3d 1083, 1086 (5th Cir. 1994); 42 U.S.C. § 1981. Under this standard, Plaintiff's § 1981 claim fails, because she makes no factual allegations in support of a claim for discriminatory treatment. Most notably, Plaintiff fails to allege any facts that would suggest Barnett or the City of Krebs acted with racially discriminatory intent at any time. Plaintiff makes absolutely no factual allegations against any other Defendant in support of a § 1981 claim. Accordingly, this claim is dismissed as to all Defendants.

### 2. 42 U.S.C. § 1983 Claim (Claim 2)

With respect to her § 1983 claim, Plaintiff alleges Defendants, "acting under color of law, (intentionally) deprived and or invaded the Reinhardt's rights," listed as "e.g., U.S. Const. art. VI, cl. 2&3; amend. I, cl. Religion, Speech, & Petition the Government for a redress of grievances; amend. IV, Be Secure, Search, Seizures, & Warrants; amend. VI, Trial by Jury & Witnesses; amend. IX and XIV, § 1," and OKLA. STAT. tit. 22, § 1076. (Doc. No. 2, ¶ 29 & n.8). Plaintiff alleges eight Defendants had "final policy making authority" from the City of Krebs. (Doc. No. 2, ¶ 29).

In a § 1983 case involving claims against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008). In this respect, Plaintiff's Complaint is utterly deficient. Plaintiff lists multiple alleged constitutional violations but fails to tie them to any particular facts or any particular Defendant. Plaintiff does not make factual allegations, for example, that

6

Barnett lacked probable cause to detain her or wrongfully issued her a speeding citation. Plaintiff also makes no factual allegations against the City of Krebs that would indicate it did anything unlawful or had supervisory liability for Barnett's conduct. Plaintiff makes no factual allegations at all against any other Defendant with respect to this claim.[3]

Plaintiff's allegations are entirely conclusory and fail to plausibly allege a § 1983 violation. Plaintiff's Complaint is vague, lacks specific factual allegations, and is devoid of specific allegations showing how any of the Defendants participated in the alleged violation of her rights. Accordingly, Plaintiff's § 1983 claim is dismissed as to all Defendants.

### 3. 42 U.S.C. §§ 2000b and 2000d Claims (Claims 3-4)

With respect to her claims under § 2000b and § 2000d, Plaintiff alleges the Defendants (1) "deprived Reinhardt of and or threatened with the loss of her right to the equal protection of the laws" by denial of equal access to "advantages, privileges, or services" owned, operated, or managed by the City of Krebs, and (2) excluded Reinhardt from certain benefits while receiving federal financial assistance. (Doc. No. 2, ¶¶ 31-32).

Section 2000b prohibits discrimination based on race, religion, or national origin in public facilities. Section 2000d prohibits discrimination based on race or national origin by any program or activity receiving federal financial assistance. Plaintiff's claims under these provisions plainly fail, because she has alleged no facts to state a plausible claim of discrimination based on race, national origin, or religion. Plaintiff's allegations of discrimination are entirely vague and conclusory. (*See* Doc. No. 2, ¶ 26 (alleging, without factual support, that

---

[3] The Law Firm Defendants and Express also correctly point out that Plaintiff has failed to plead any facts alleging that they were state actors or acting under color of law, which is fatal to a § 1983 claim. *See, e.g., Anaya v. Crossroads Managed Care Sys., Inc.*, 195 F.3d 584, 595 (10th Cir. 1999) ("[T]he only proper defendants in a Section 1983 claim are those who represent the state in some capacity, whether they act in accordance with their authority or misuse it.") (quotation omitted). Plaintiff alleges all Defendants "acted or have acted under color of law(s), statute(s), ordinance(s), regulation(s), custom(s), or usage of City of Krebs and or Oklahoma," but she fails to allege any facts in support of this conclusory allegation with respect to the Law Firm Defendants or Express.

thirteen of the Defendants "intentionally undertook a course of discrimination and at least one of the Reinhardt's Characteristic(s) was a motivating or substantial factor," including ancestry, ethnic, or race characteristics for purposes of § 2000b and § 2000d, and religion for purposes of § 2000b). Accordingly, the Court disagrees with Plaintiff that discovery to show whether federal sources benefitted the defendants would reveal whether a violation of § 2000d occurred. (Doc. No. 63, at 6; Doc. No. 64, at 6-7). Plaintiff has failed to plausibly allege any discrimination occurred. Accordingly, these claims are dismissed as to all Defendants.

### 4. Oklahoma Constitution and Statutory Claims (Claims 5-7)

Plaintiff claims the Defendants deprived her of various rights under the Oklahoma Constitution.[4] (Doc. No. 2, ¶ 33). Plaintiff also claims the Defendants violated the Oklahoma Open Records Act when they "blocked, burdened, concealed, failed, made unavailable, and/or refused Reinhardt (timely) access" to unspecified public records and caused waste of resources during the time that could have been applied to the proceedings in case CIV-11-979-W. (Doc. No. 2, ¶ 34). Plaintiff further claims the Defendants "aided in, caused or effected significant, undue or unreasonable burdens on Reinhardt's free exercise of religion," in violation of ORFA.

Each of these three claims is inadequately pled and must be dismissed. First, Plaintiff's vague claims under the Oklahoma Constitution are entirely unsupported by factual allegations. Second, Plaintiff's allegation that the City of Krebs or any other defendant blocked her access to unspecified records is conclusory and without factual support regarding what records Plaintiff requested, what was denied and on what grounds, and who denied Plaintiff's request. Moreover, Plaintiff appears to be seeking money damages as a result of the alleged violation of the Open

---

[4] Plaintiff claims deprivation of "e.g., Okla. Const. Art. 1, §§ 1&2, 6; Art. 2 §§ 1; 2; 3; 5; 6; 7; 11; 20 cl. Trial by Jury, Confront Witnesses, and Be Heard; 22, cl. Liberty of speech and press; 30; 33; Art. 4 § 1; Art. 5 § 59 & 60; Art. 7 § 1, Municipal Courts; 15 § 1; Art. 17 § 3; Art. 18 § 1 and Art. 23 § 6." (Doc. No. 2, ¶ 33 & n.9).

Records Act, which is not an available remedy for such a violation. OKLA. STAT. tit. 51 § 24A.17(B) (civil remedy for denial of access to records limited to declarative and/or injunctive relief). Third, Plaintiff has failed to plausibly allege any defendant substantially burdened her free exercise of religion, which is fatal to her ORFA claim. Accordingly, each of these claims is dismissed as to all Defendants.

### 5. Emotional Distress Claims (Claims 13-14)

With respect to her emotional distress claims, Plaintiff alleges the Defendants "intentionally and or recklessly caused bodily harm or severe mental or emotional distress and sufferings to Reinhardt." (Doc. No. 2, ¶ 37). As with her other claims, the emotional distress claims are conclusory and devoid of factual allegations. These claims are dismissed as to all Defendants.

### 6. Other Claims (Claims 8-12, 15-20)

Plaintiff's claims 8-12 and 15-20 are literally only labels with no further factual or legal allegations in support of those claims. As explained above, it is not the Court's place to assume the role of advocate or supply additional factual or legal allegations to round out Plaintiff's complaint. *See Hall*, 935 F.2d at 1110; *Whitney*, 113 F.3d at 1173-74. Accordingly, these claims are dismissed as to all Defendants.

### 7. Plaintiff's Responses in Opposition

Plaintiff's responses in opposition to the Motions to Dismiss (Doc. Nos. 61, 62, 63, 64) do not offer any basis to save her claims as to any of the Defendants. In her largely incoherent response briefs, Plaintiff appears to argue she has sufficiently alleged claims against the Krebs Defendants, Law Firm Defendants, Court Defendants, City Worker Defendants, and Express. However, Plaintiff points to no factual allegations in the Complaint that would state any claim

against any Defendant. Plaintiff also complains that the Law Firm Defendants' and Court Defendants' incorporation of the arguments and authorities cited by the City Worker Defendants violates due notice requirements. (Doc. No. 61, at 4-5; Doc. No. 62, at 4-5). However, the record indicates Plaintiff was served the Motions to Dismiss of the Krebs Defendants, Law Firm Defendants, Court Defendants, and City Worker Defendants on December 22, 2015. Accordingly, Plaintiff had access to all of these briefs and arguments at the same time.

***

For the reasons explained above, the Motions to Dismiss filed by the Krebs Defendants (Doc. No. 43), Law Firm Defendants (Doc. No. 45), Court Defendants (Doc. No. 47), City Worker Defendants (Doc. No. 49), and Express (Doc. No. 52) are granted for failure to state a claim.

### III. Judicial/Prosecutorial Immunity

Defendants Hogan and Layden separately assert judicial and prosecutorial immunity, respectively, as to Plaintiff's claims against them. Hogan and Layden argue it is clear from Plaintiff's Complaint that she encountered them both only in their capacities as court officials of the State of Oklahoma. Therefore, even taking Plaintiff's allegations as true, Hogan and Layden argue they have absolute immunity from liability for any alleged wrongdoing. The Court agrees.

Although the Complaint provides no facts to indicate Hogan or Layden's involvement with Plaintiff, Plaintiff alleges Hogan was retained at the City of Krebs Municipal Court and "acted as 'judge' thereat at all material herein times," and Layden was a "prosecutor in [City of Krebs Municipal Court] at all material herein times." (Doc. No. 2, ¶¶ 11-12).

To the extent Plaintiff alleges Hogan or Layden violated Plaintiff's rights while acting in their judicial or prosecutorial capacities, respectively, they are absolutely immune from liability

for any such acts. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) ("[a]bsolute immunity bars suits for money damages for acts made in the exercise of prosecutorial or judicial discretion.") (quotation omitted). Absolute immunity for judicial acts allows judges to perform their functions without harassment or intimidation. *Van Sickle v. Holloway*, 791 F.2d 1431, 1435 (10th Cir. 1986). *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("immunity applies even when the judge is accused of acting maliciously and corruptly"), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982). An act is "judicial" when it is a function a judge normally performs and the party has dealt with the judge in his or her official capacity. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Only when a judge acts outside of his or her judicial capacity or when the judge acts in complete absence of all jurisdiction is judicial immunity overcome. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Prosecutors are also entitled to absolute immunity in Section 1983 cases. *See Imbler v. Pachtman*, 424 U.S. 409, 427 (1976).

Here, it is clear any alleged actions by Hogan or Layden were taken in their respective judicial or prosecutorial capacities, and Plaintiff makes no factually-based allegations that either acted in complete absence of jurisdiction. In her response to the Court Defendants' Motion, Plaintiff argues Defendant Hogan "was not judge" because the City of Krebs Municipal Court lacked the requisite authority. (Doc. No. 62, at 2). Plaintiff's argument is conclusory and lacks any factual support. Accordingly, the Court concludes Hogan and Layden are absolutely immune from Plaintiff's claims against them, and Plaintiff's claims must be dismissed with prejudice as to those Defendants.

## CONCLUSION

For the reasons outlined above, the Court concludes that dismissal of this action as to all Defendants is warranted. It is obvious that Plaintiff cannot prevail on the facts that she has alleged and it would be futile to give her an opportunity to amend. *See Johnson v. Johnson*, 466 F.3d 1213, 1214-15 (10th Cir. 2006). Accordingly, the Defendants' Motions to Dismiss (Doc. Nos. 43, 45, 47, 49, 52) are **GRANTED**. Plaintiff's action is **DISMISSED WITH PREJUDICE** as to all Defendants.

**IT IS SO ORDERED** this 14th day of September, 2016.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma